CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
OCT 25 2005
JOHN F. CORCORAN, CLERK
BY: HMcDonese
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALFRED MILTON RIVERA, ) | |
| Petitioner, ) | Civil Action No. 7:05-cv-00638 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| BLEDSOE, ) | By: Hon. Jackson L. Kiser |
| Respondent. ) | Senior United States District Judge |

The petitioner, Alfred Milton Rivera, a federal inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Upon review of the petition, the court concludes that Rivera has failed to demonstrate entitlement to relief under § 2241, and that his petition must be construed and dismissed without prejudice as a successive motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.

Rivera is currently incarcerated at the United States Penitentiary in Lee County, Virginia. In 2001, Rivera was convicted of possession with intent to distribute cocaine in the United States District Court for the Middle District of North Carolina. Rivera was sentenced to a term of life imprisonment. Rivera states that he previously filed a § 2255 motion in the Middle District of North Carolina. The motion was denied on June 29, 2005. In his present petition under § 2241, Rivera asserts that he was improperly sentenced as a career offender, that he did not knowingly waive his right to counsel in a prior state court conviction, and that his sentence must be vacated in light of the United States Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005).

An inmate may not challenge the validity of his conviction or sentence in a § 2241

1

petition, unless a § 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). The United States Court of Appeals for the Fourth Circuit has held that a § 2255 motion is inadequate and ineffective to test the legality of an inmate's detention only when the following three elements are shown:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

Considering Rivera's petition in light of the standard set forth in In re Jones, it is clear that he cannot proceed under § 2241. Rivera has not pointed to any change in the substantive law associated with his conviction, and a review of current federal law shows that the conduct for which Rivera is currently incarcerated continues to constitute a criminal offense. See 21 U.S.C. § 841(a).

Since Rivera's claims cannot be addressed under § 2241, the court will construe his petition as a motion to vacate, set aside or correct sentence under § 2255. A § 2255 motion must be brought in the court that imposed the sentence. See 28 U.S.C. § 2255; Swain, 430 U.S. at 378. To file a second or successive § 2255 motion, a petitioner must receive pre-filing authorization from the appropriate court of appeals. See 28 U.S.C. §2255, ¶ 8. When a petitioner does not demonstrate that the court of appeals has authorized a second or successive § 2255 motion, the district court has no jurisdiction to consider the merits of the petitioner's

claims.

Although the court could transfer Rivera's § 2255 motion to the Middle District of North Carolina, where he was sentenced, Rivera's § 2255 motion is clearly successive. Rivera admits that the sentencing court denied his previous § 2255 motion on June 29, 2005. Rivera does not allege that he received pre-filing authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2255 motion. Therefore, the court cannot find that transferring a clearly successive § 2255 motion to the sentencing court furthers the interests of justice or judicial economy. Accordingly, the court declines to transfer Rivera's motion and dismisses it without prejudice.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 25th day of October, 2005.

*[signature]*
Senior United States District Judge